Nash, C. J.
 

 The action is on a-special contract for the sale and delivery of corn. In the argument of the case below, it was contended on behalf of the defendant, that although a demand was made, and a willingness to pay for the corn expressed by the plaintiff, yet he could not recover, unless there was a
 
 present ability
 
 to pay on delivery; and the Court was requested to charge the jury that there was no evidence of such ability. The only question presented to our consideration is, whether there was any evidence upon that point. There is no fault found with the charge upon any other point, for it was in exact accordance with the ground of defence assumed. This case differs materially from those .of
 
 Grandy
 
 v. McCleese, 2 Jones’ Rep. 142, and
 
 Grandy
 
 v. Small, decided at this term (ante 8.) In each of those cases the present inability to pay at the time of the demand, was admitted. Was there, then, any evidence in this case to go to the jury upon that question? Where there is no evidence upon a particular fact, the jury should be so told by the court, and it is error if the fact is submitted to them. The case states, that the defendant admitted that Williams, one of the plaintiffs, when he demanded the corn, said he had the money, and was ready to pay for it; but that defendant refused to deliver it, saying he had made other ar
 
 *32
 
 rangements. It was also shown, that "Williams had some money, but what amount does not appear.
 

 The defendant admits then, that "Williams had some money at the time of the demand, and that he declared he was prepared to pay for the corn. This, surely, was some evidence of the fact. It is said that "Williams ought to have produced the money to enable the defendant to see that he was prepared to pay for the corn. This would have been plenary proof of the fact. We are enquiring whether there was any evidence to go to the jury upon the point.
 

 But again, it may be asked,
 
 cu-i
 
 tono—to what purpose produce the money, when the defendant declared he would not deliver the corn or receive the money? The defense has likened the case to that of a plea of tender and refusal. The analogy does not exist. There is a material difference between an averment in a declaration, of a readiness to perform a condition precedent and a plea of tender. In the former case, it is not necessary to aver an actual tender of the money ; an averment of readiness is sufficient. 7
 
 Taunt.
 
 31é, 1 Chit, on Pleading, 319. A plea of tender must be accompanied with
 
 micorepres ;
 
 the money must be produced and brought into court. Any legal evidence which can warrant the jury in inferring the fact in question, is properly left to them. Here the plaintiff demanded the corn at the proper time, and Williams tells the defendant he is ready to pay for it. The defendant’s reply is, “I will not deliver the corn, because I have made a different disposition of it.” lie does not question the present ability of Williams to pay. Surely, these were facts having some tendency to support the plaintiffs’ allegation in his declaration, of his present ability. All the plaintiffs were called on to do, was, to produce such evidence as would satisfy the jury, of their ability to pay for the corn on its delivery.
 

 Pkb Curiam.
 

 There is no error in the judgment of the Court below, which is affirmed.